UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    20-CR-229 (BHL)

CORNELIUS M. JACKSON,

    Defendant.

## UNITED STATES' BRIEF IN RESPONSE TO DEFENSE COUNSEL'S SECOND MOTION TO WITHDRAW

The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Erica J. Lounsberry and Abbey M. Marzick, Assistant United States Attorneys for said district, respectfully offers the Court a summary of the case law that applies to defense counsel's second motion to withdraw from representation of Cornelius Jackson, filed on November 4, 2023 (ECF 110).

### BACKGROUND

On December 1, 2020, a federal grand jury sitting in the Eastern District of Wisconsin returned a five-count indictment against defendant Cornelius M. Jackson charging him with one count of conspiracy to commit sex trafficking in violation of Title 18, United States Code, Sections 1594(c), and four counts of sex trafficking by force, fraud, or coercion in violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(1). ECF 1. The defendant was arraigned on these charges on December 14, 2020. ECF 4. A

detention hearing was also held on that date, and the defendant was ordered detained pending trial. *Id*.

On December 22, 2020, attorney Martin J. Pruhs entered a notice of appearance on the defendant's behalf. ECF 6. On July 20, 2021, Attorney Pruhs filed a motion to withdraw as attorney at the defendant's request (ECF 19), which was granted following a hearing on July 21, 2020 (ECF 21). Following Attorney Pruhs' withdrawal, on August 4, 2021, attorney Thomas E. Hayes entered a notice of appearance on the defendant's behalf. ECF 23. On October 14, 2021, Attorney Hayes filed a motion to withdraw as attorney at the defendant's request (ECF 28), which was granted following a hearing on October 29, 2021 (ECF 31, 32). Following Attorney Hayes' withdrawal, on November 2, 2021, attorney Anderson Gansner file a notice of appearance on the defendant's behalf. ECF 33. On January 14, 2022, Attorney Gansner filed a motion to withdraw as attorney, citing a conflict of interest (ECF 36), which was granted following a hearing on January 28, 2022 (ECF 39).

The defendant's current counsel, attorney John Binder, has represented the defendant since filing his notice of appearance on February 15, 2022 (ECF 40). He filed four separate pretrial motions on the defendant's behalf (ECF 50-53) that were litigated in late 2022 and early 2023. He also filed motions in limine challenging the government's evidence (ECF 88-89), met several times with the government to discuss stipulations, exhibits, and witnesses, and made multiple trips to the Waukesha County Jail to discuss the case with the defendant.

On October 19, 2023, concurrent with the filing of the parties' Pretrial Report (ECF 95-98), Attorney Binder filed a motion to withdraw at the defendant's request (ECF 93). The Court held an ex parte hearing on this motion before commencing the final pretrial conference on October 26, 2023, and it denied the motion. ECF 105. On November 4, 2023, less than 48 hours before the defendant's November 6, 2023 trial date, Attorney Binder filed a second motion to withdraw at the defendant's request (ECF 110).

Given the late motion and the fact that trial is set to start tomorrow, the government is filing this memorandum summarizing the procedural history of this case and the state of the relevant law in an effort to assist this Court.

## STATEMENT OF THE LAW

Indigent criminal defendants whose lawyers are appointed by the Court are entitled only to competent and conflict-free counsel, not to choose that appointed counsel. *United States v. Patterson*, 397 Fed. App'x 209, 213 (7th Cir. 2010) (citing *United States v. Cole*, 988 F.2d 681, 684 (7th Cir. 1993); *see also United States v. Bender*, 539 F.3d 449, 454 (7th Cir. 2008) ("The 'right to counsel of choice does not extend to defendants who require counsel to be appointed to them.'") (quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006)). When reviewing a district court's decision to deny a motion to withdraw as counsel under the abuse of discretion standard, the Seventh Circuit considers three key factors: (1) the timeliness of the request; (2) the adequacy of the district court's inquiry into the reasons behind the request; and (3) whether the disagreement between the defendant and defense counsel was so great as to result in a total lack of communication

that prevented the presentation of an adequate defense. *United States v. Huston*, 280 F.3d 1164, 1167 (7th Cir. 2002) (citing *United States v. Bjorkman*, 270 F.3d 482, 500 (7th Cir. 2001).

Timeliness of the request is a prime consideration because the closer to trial a defendant's request to fire his counsel is, the more likely that request is being used as a tactic to manipulate or delay the trial. *See id*. (citing *United States v. Golden*, 102 936, 941 7th Cir. 1996). While morning-of-trial motions are the quintessential example of suspiciously timed motions (*see, e.g., Huston* 280 F.3d at 1167), other longer periods have also been upheld as bases for rejection of a motion to withdraw. *See, e.g., United States v. Pointer*, 17 F.3d 1070, 1073 (7th Cir. 1994) (upholding lower's court's rejection of a motion to withdraw four days prior to trial); *see also United States v. Hall*, 35 F. 3d 310, 313-14 (7th Cir. 1994) (upholding denial of a motion to withdraw made ten days before sentencing). Relatedly, courts may also take into account resource issues that would result from a delay in the trial date, such as the disruption to its own calendar and the prosecution, or hardship that may be caused to the prosecution's witnesses and victims. *See United States v. Owens*, 2009 WL 10700104 at *2 (C.D. Ill. June 15, 2009).

Regardless of timing, in order to ensure that the defendant's Sixth Amendment right to counsel is appropriately respected, courts hold a hearing to probe the reasons for the defendant's dissatisfaction. *See Harris*, 394 F.3d at 553. This inquiry should be designed not to coax the defendant to express satisfaction with the attorney, but rather to allow him an opportunity to fully air his complaints. *United States v. Zillges*, 978 F.2d 369 (7th Cir. 1992).

Seventh Circuit case law is clear that if the basis for the motion is some type of disagreement or breakdown in attorney/client communications, it must be "total" in order to warrant counsel withdrawing and new counsel being appointed. *See, e.g.*, *Huston*, 280 F.3d at 1167. Conflicts not rising to this level have been found to include a disagreement between a defendant and his counsel about whether the defendant should testify (*United States v. Taylor*, 128 F.3d 1105, 1110 (7th Cir. 1997)); a defendant's claims that his counsel had not reviewed the case file to his satisfaction (*Huston*, 280 F.3d at 1167-69); an antagonistic dynamic that had grown between a defendant and his counsel (*United States v. Solina*, 733 F.2d 1208, 1211 (7th Cir. 1984); defense counsel's declination to raise issues a defendant felt had legal merit, coupled with the defendant's distrust of counsel following counsel's recommendation that the defendant accept a plea agreement (*United States v. Harris*, 394 F.3d 543, 553 (7th Cir. 2005); and general statements that a defendant did not trust his counsel or believe that his counsel understood his case (*Pointer* 17 F.3d at 1073). *See also United States v. Harrell*, 52 F.3d 328, 328 (E.D. Wis. 1995) (rejecting a motion to withdraw based on the defendant's allegations that his attorney was not acting in his best interests); *Owens*, 2009 WL 107000104 at *1 (rejecting a motion to withdraw where defendant disagreed with his counsel about trial strategy).

## **CONCLUSION**

The government acknowledges that it does not have a full picture of the factual basis upon which Attorney Binder had filed a second motion to withdraw on the eve of trial. As such, this filing is intended only to provide the Court with the relevant history and law, and to request that, to the extent the Court determines that the motion is filed

5

as an attempt by the defendant to cause unwarranted delay, or otherwise based on facts inconsistent with the above precedent, it be denied.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2023.

Respectfully submitted,

GREGORY J. HAANSTAD
United States Attorney

By: *s/ Erica J. Lounsberry*
Erica J. Lounsberry (FL Bar No. 86095)
Abbey M. Marzick (WI Bar No. 1087215)
Assistant United States Attorneys
Office of the United States Attorney
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
414-297-1700
Erica.Lounsberry@usdoj.gov